**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 12, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHAEL L. GAINES,

     Petitioner - Appellant,

v.

JAMES HEIMGARTNER, Warden;
DEREK SCHMIDT, Attorney General of
the State of Kansas,

     Respondents - Appellees.

No. 16-3063
(D.C. No. 5:15-CV-03053-SAC-DJW)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Michael Gaines seeks a certificate of appealability ("COA") to appeal the

district court's dismissal without prejudice of his 28 U.S.C. § 2254 petition as mixed

because it contained both exhausted and unexhausted claims. We deny a COA and

dismiss the appeal.

**I**

In 2008, Gaines was convicted in Kansas state court of two counts of battery on a

law enforcement officer and sentenced to 162 months' imprisonment. After the Kansas

Supreme Court denied review of his direct appeal in 2010, Gaines filed a collateral attack

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

in Kansas state court under Kan. Stat. § 60-1507.  That motion was denied, and the Kansas Supreme Court ultimately affirmed.  On October 31, 2014, Gaines also filed a motion in the state trial court to correct an illegal sentence under § 22-3504.  Under that statute, Kansas courts may "correct an illegal sentence at any time."  § 22-3504(1).

Gaines filed his 28 U.S.C. § 2254 petition in the district court on March 16, 2016, advancing  claims of ineffective assistance of trial and appellate counsel, and illegal sentence.  In his petition, he stated that his § 22-3504 motion was still pending in state court.  A magistrate judge ordered Gaines to show cause as to why the district court should not dismiss his petition for failure to exhaust state court remedies on the illegal sentence claim, which rendered the petition mixed.  Gaines then requested a stay in lieu of dismissal, pending resolution of his § 22-3504 motion.[1]  The district court held that Gaines had not made the necessary showings to be entitled to a stay.  In particular, he had not shown good cause for his failure to exhaust state remedies prior to filing his federal petition.  The court also observed that Gaines did not allege that he filed his federal petition as protection against a statute of limitations problem.  For these reasons, the court dismissed Gaines' petition without prejudice.  This request for a COA followed.

## II

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable"

---

[1] Although the district court presented Gaines with the option to dismiss his unexhausted claim and proceed in this action on his exhausted claims, Gaines chose not to pursue that option.

2

whether: (1) "the petition states a valid claim of the denial of a constitutional right"; and (2) "the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). A district court must dismiss "mixed" habeas petitions—those containing both exhausted and unexhausted claims. Pliler v. Ford, 542 U.S. 225, 230 (2004). However, district courts have discretion in limited circumstances to stay mixed habeas petitions to allow a petitioner to fully exhaust his unexhausted claims in state court. Rhines v. Weber, 544 U.S. 269, 276-78 (2005). A stay may be warranted when a petitioner files a federal petition before the AEDPA limitations period has expired, and dismissal as mixed after the limitations period expires would "likely mean the termination of any federal review." Id. at 275. But to grant a stay in that scenario, the federal district court must find that there was "good cause" for the petitioner's failure to exhaust his claims in state court and that the unexhausted claim is not "plainly meritless." Id. at 278.

In his request for a COA, Gaines does not argue that he had good cause to file his federal habeas petition before receiving final judgment in the state courts as to his illegal sentence claim. Instead, he argues the merits of his exhausted ineffective assistance of counsel claims. Thus, Gaines does not contest that his petition was mixed, nor has he argued any reason he was entitled to a stay. In particular, he has not argued that he will be unable to pursue his claims under § 2254 absent a stay. He has not demonstrated that reasonable jurists would debate whether the district court properly denied his motion for a stay and dismissed his petition as mixed.

3

## III

We **DENY** a COA and **DISMISS** the appeal.


Entered for the Court


Carlos F. Lucero
Circuit Judge